UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA DUCHAC<br><br>                                    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA<br><br>                                    Defendant. | Case No.:   19cv2244-LAB (LL)<br><br>**ORDER GRANTING IN PART<br>MOTION TO DISMISS** |

Plaintiff Sandra Duchac filed her Complaint, bringing claims under Federal Tort Claims Act (FTCA) based on a sexual assault by Dr. Manzanera[1] at the Veteran's Administration (VA) Medical Center. She clarified that this was the only claim she intended to bring. (*See* Docket no. 5.)  Duchac alleges that the VA ordered her to attend a medical disability examination at a clinic where Dr. Manzanera worked, and where he assaulted her in an examination room.

The United States moved to dismiss for lack of jurisdiction and for failure to state a claim. (Docket no. 6.)  In particular, the government argued that Dr. Manzanera was an independent contractor, rather than a federal employee, and

---

[1] Dr. Manzanera was charged in state court and pled guilty.

therefore claims against the United States were barred under the "independent contractor" exception to the FTCA.  *See* 28 U.S.C. § 2671; *United States v. Orleans*, 425 U.S. 807, 813–14 (1976).  The government supported its argument with an authenticated contract showing that Dr. Manzanera was a contractor rather than an employee.

In her opposition, Duchac did not dispute that the independent contractor exception to the FTCA, if it applied, would bar certain claims. But she questioned the extent to which duties were delegated to Dr. Manzanera. Although the government submitted a copy of Dr. Manzanera's contract, she disputed its authenticity. She also argued that she could bring a claim directly against the United States for negligent hiring and supervision, or failure to warn of Dr. Manzanera's dangerous propensities. She argues that she was effectively in the VA's custody or control, and the government therefore assumed nondelegable duties. She also argues that if the Department of Veterans Affairs, through its personnel, had carried out its nondelegable duty to report Dr. Manzanera's earlier violations and to investigate promptly, the attack on her would have been avoided. These duties, she contends, arise under 38 C.F.R. §§1-201 and 1-204.

Because the independent contractor exception implicates the Court's jurisdiction, *see Autery v. United States*, 424 F.3d 944, 948 (9th Cir. 2005), the Court was bound to inquire further before reaching the merits.  *See Steel Co. v. Citizens for a Better Env't.*, 523 U.S. 83, 92–93, 98 (1998). The Court converted the motion to dismiss into a motion for partial summary judgment on the issue of Dr. Manzanera's independent contractor status only, and permitted the parties to submit evidence. *See Gordon v. United States*, 739 Fed. App'x 408, 411 (9th Cir. 2018) (authorizing this type of procedure when jurisdiction is in question). Duchac submitted no new evidence, but rested on her arguments in her opposition. The government, however, submitted substantial evidence.

/ / /

## Legal Standards

A Rule 12(b)(6) motion tests the sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). While a plaintiff need not give "detailed factual allegations," a plaintiff must plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 547). In ruling on a motion to dismiss, the Court accepts all allegations of material fact in the complaint as true and construes them in the light most favorable to the non-moving party. *Cedars–Sinai Medical Center v. National League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007). New or expanded allegations in opposition to a motion to dismiss are considered when deciding whether to grant leave to amend, but are not considered when ruling on a 12(b)(6) motion. *See Schneider v. Cal. Dep't of Corr. & Rehab.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

The moving party has the initial burden of demonstrating that summary judgment is proper. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970). However, to avoid summary judgment, the nonmovant cannot rest solely on conclusory allegations. *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir.1986). Rather, he must present "specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). The Court may not weigh evidence or make credibility determinations on a motion for summary judgment. Rather, the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *Id*. at 255; *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The United States enjoys sovereign immunity. *See F.D.I.C. v. Craft*, 157 F.3d 697, 706 (9th Cir.1998) ("The FTCA is the exclusive remedy for tortious conduct by the United States"). Unless waived (e.g., under the FTCA), sovereign immunity

19cv2244

is a jurisdictional bar to suits against the United States. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994); *United States v. Sherwood*, 312 U.S. 584, 586–87 (1941). The FTCA waives the United States' sovereign immunity for tort actions, and permits suits in federal court arising from the negligence of federal employees. *D.L. by and through Junio v. Vassilev*, 858 F.3d 1242, 1244 (9th Cir. 2017). Strict compliance with conditions of the waiver is required. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 94 (1990). One requirement for waiver to be effective is that before filing suit under the FTCA, a plaintiff must exhaust her administrative remedies. *D.L.*, 858 F.3d at 1244 (citing 28 U.S.C. § 2675(a)).

The FTCA's limited waiver of immunity excludes "any contractor with the United States" from its definition of government employee. *Edison v. United States*, 822 F.3d 510, 517–18 (9th Cir. 2016) (citing 28 U.S.C. § 2671). Courts construe this to protect the United States from vicarious liability for the acts of its independent contractors. *Id.* at 518 (citing *Yanez v. United States*, 63 F.3d 870, 872 n. 1 (9th Cir. 1995)).

The FTCA's waiver also excludes claims based on a government employee's performance of a "discretionary function. *Sigman v. United States*, 217 F.3d 785, 792–93 (9th Cir. 2000). This exception can apply when the challenged action involves choice or judgment, but does not apply when federal law specifically prescribes a course of conduct. *Id.* at 793 (citing *Berkovitz v. United States*, 486 U.S. 531, 536 (1988)). But if the decision is "one to which a policy analysis may apply," it falls within the exception. *Weissich v. United States*, 4 F.3d 810, 813 (9th Cir. 1993). This is so even if the discretion is abused. *Id.* (citing *Mitchell v. United States*, 787 F.2d 466, 468 (9th Cir. 1986)).

A challenged action falls within the "discretionary function" exception if it meets two criteria: 1) it is discretionary in nature, or involves an element of judgment or choice; and 2) the judgment is the kind of discretionary function that the exception was intended to shield, *i.e.*, government actions and decisions based

on considerations of public policy. *Doe v. Holy See*, 557 F.3d 1066, 1083–84 (9th Cir. 2009) (citing *United States v. Gaubert*, 499 U.S. 315, 322 (1991)). The second element has also been described as requiring that the conduct implements social, economic, or policy considerations. *Nurse v. United States*, 226 F.3d 996, 1001 (9th Cir. 2000). A plaintiff must first plead a claim that falls facially outside this exception; once she does so, however, the burden shifts to the government to prove the exception is applicable. *Holy See*, 557 F.3d at 1084.

**Duchac's Claims**

The Complaint alleges that the VA knew or should have known that before the assault of Duchac, numerous female patients had complained of his inappropriate sexual conduct. It alleges that the VA should have realized that Dr. Manzanera was a danger to his female patients, but failed to investigate or take action to suspend him from evaluating women. The Complaint also alleges that the VA failed to warn Duchac about him.

The Complaint also attempted to sue the United States under California law, and to sue numerous "Doe" defendants for their part in Duchac's injury. Duchac has since clarified that her claim arises solely under the FTCA, which means the United States is the only Defendant.

**FTCA Waiver Exceptions**

The government's unrebutted evidence shows that Dr. Manzanera contracted as an independent contractor with QTC Medical Services, Inc., and that in turn QTC contracted with the VA. Duchac's earlier objection, questioning the truth of the government's representations, is effectively answered by this evidence. Dr. Manzanera's status as an independent contractor, and not a U.S. government employee, is beyond dispute. Under the "independent contractor" exception, therefore, Duchac can bring no claim based on vicarious liability for Dr. Manzanera's actions.

/ / /

In an effort to avoid the independent contractor bar, the Complaint alleges the existence of a "special relationship," under which the United States assumed a duty of care it could not delegate to contractors. Duchac's opposition cites *Edison*, 822 F.3d at 518–19 in support of her argument. However, *Edison* stands for the proposition that the government may still be liable when it has delegated some, but not all, of its legal duties to a contractor. *Id*. at 517. Duchac argues that the government did not, and could not, delegate its duty to warn.[2] Even assuming this is correct, and assuming that the government itself, rather than its contractors, knew in advance that Dr. Manzanera posed a danger to Duchac, the government's duty to warn is covered by the next exception.

In general, negligent hiring, retention, or supervision of personnel falls within the "discretionary function" exception. *Nurse*, 226 F.3d at 1001 (negligent and reckless supervision of agents accused of unlawfully searching the plaintiff "fall squarely within the discretionary function exception"). This includes claims based on failure to warn potential victims of an employee's history of abuse. *Holy See*, 557 F.3d at 1084 (practice of retaining employees and not warning of their history of child abuse fell within the "discretionary function" exception). *See also Gonzalez v. United States*, 814 F.3d 1022, 1025–26, 1037 (9th Cir. 2016) (FBI's decision not to disclose threatened home invasion to local law enforcement fell within the discretionary function exception). The Complaint's claim for the government's negligent retention or supervision of Dr. Manzanera, or of its failure to warn patients about his abusive history falls within this exception. The Complaint does not plead a claim for negligent retention or supervision, or failure to warn, that falls outside this exception.

---

[2] She also argues that the VA and its employees had nondelegable duties to report serious misconduct or crimes to the Office of the Inspector General. These duties are discussed below.

19cv2244

In her opposition, Duchac attempts to take her negligent supervision/retention and failure to warn claims outside this exception by pointing to a federally-prescribed course of conduct, which she contends was non-delegable.  She cites 38 C.F.R. §§1-201 and 1-204. Section 1-201 requires VA employees with knowledge or information about actual or possible crimes related to VA programs to immediately report what they know to their supervisor, "any management official," or the Office of the Inspector General.  Section 1-204 requires that criminal matters involving felonies must be immediately reported to the Office of Inspector General. Among the felonies named as examples are those involving the rape, assault, or serious physical abuse of a VA patient.

Assuming these regulations would eliminate any discretion by VA or other government employees, Duchac's claim would fall outside the exception only if one or more of them failed to report a previous assault as required, and that failure led to the assault of Duchac. Any failure to report the assault of Duchac necessarily occurred after the assault, and could not have caused it. The Complaint does not, however, allege that any VA employees failed to report information about Dr. Manzanera to higher officials or to the Office of the Inspector General. At some point the Office was told, but when that happened is never alleged. The Office began an investigation, but only after the assault of Duchac. Absent from the complaint are any allegations that the VA or any of its employees failed to properly report Dr. Manzanera's previous misconduct, or that if they did, their failure led to the assault of Duchac. Rather, the Complaint alleges that the VA itself failed to investigate prior complaints or suspend Dr. Manzanera. (Compl., ¶ 15.) Nothing in the Complaint or briefing suggests that either the VA or the Office of the Inspector General had a nondiscretionary duty to investigate. In general, decisions whether, when, and how to investigate are susceptible to policy analysis, and fall within the discretionary function exception. *See Vickers v. United States*, 228 F.3d 944, 951 (9th Cir. 2000) (citing *Sabow v. United States*, 93 F.3d 1445, 1451–54 (9th Cir.

1996) (holding that agency decisions regarding the scope and manner of investigations are discretionary, so long as the agency does not violate a mandatory directive); *Little v. City of Seattle*, 863 F.2d 681, 684 (9th Cir. 1988) (holding that Inspector General's agent's duty to investigate criminal behavior was a discretionary function).

**Conclusion and Order**

For these reasons, Duchac has failed to meet her burden of showing that the Court has jurisdiction over her claims. It appears possible, though unlikely, that she can amend to correct these defects.

In response to Duchac's arguments in her opposition about new theories, the government attached to its reply brief a copy of the administrative claim she submitted in order to exhaust her remedies. Duchac did not have an opportunity to respond to this or to argue that some of the claims or theories she would like to pursue were in fact exhausted. However, because the government has now raised the issue, Duchac must show that any potential claim was properly exhausted.

The motion to dismiss is **GRANTED IN PART**. The Complaint is **DISMISSED** for lack of jurisdiction. If Duchac believes she can successfully amend, she should file an *ex parte* motion for leave to amend, within **21 calendar days of the date this order is issued**. Any such motion must show that the claims she intends to pursue in her proposed amended complaint were properly exhausted, and must comply with Civil Local Rule 15.1(b). Her motion must not seek reconsideration of issues decided in this order. If she needs more time, she may seek it by *ex parte* or joint motion, showing good cause for the extension.

If Duchac files such a motion, the government may file an opposition within **14 calendar days of the date it is docketed**. No reply brief is to be filed without leave. Following the filing of this briefing, the matter will be deemed submitted on the papers.

/ / /

19cv2244

1  If Duchac does not intend to amend, she should file a notice so stating, and
2  this action will be dismissed for lack of jurisdiction.

3

4  **IT IS SO ORDERED**.

5  Dated:  March 12, 2021

6

7  Honorable Larry Alan Burns
8  United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

19cv2244